Joseph A. COGNATO, Appellant,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.

No. 77-1007.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1977.

Decided July 26, 1977.

R. Steven Brown, Asst. Federal Public Defender, Springfield, Mo., for appellant; David R. Freeman, Federal Public Defender, W. D. Mo., Springfield, Mo., on brief.

David H. Jones, Asst. U. S. Atty., Springfield, Mo., for appellee; Bert C. Hurn, U. S. Atty., Springfield, Mo., on brief.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Joseph Cognato, age 29, a federal prisoner, who is paralyzed from the waist down as a result of a gunshot wound, seeks habeas corpus relief against Dr. P. J. Ciccone, director of the United States Medical Center for Federal Prisoners, Springfield, Missouri. Cognato, presently confined at the Medical Center claims that he is being deprived of proper medical treatment by being denied the medication "Talwin" to relieve his pain. The district court considered the petition as one alleging that prison authorities were subjecting Cognato to cruel and unusual treatment by failing to provide adequate medical treatment. The district court denied Cognato's petition and he brings this appeal.

Doctors at the United States Medical Center initially had prescribed intramuscular injections of the drug Talwin for treatment of Cognato's chronic pain.[1] On September 7, 1976, the medical staff at the hospital decided to discontinue the routine use of Talwin at the Medical Center, and substitute other pain killing drugs. A panel of Medical Center physicians then reviewed Cognato's case, and determined that Talwin should no longer be administered to him. Thereafter, Cognato brought this habeas corpus action challenging the decision of the medical staff.

A hearing was held in district court to determine "whether the [dis]continuance of the administration of a pain relieving medicine known as Talwin to the petitioner constituted inadequate medical treatment or cruel and unusual punishment." At his request, Cognato represented himself at the hearing, but an appointed counsel was present at all times and available to assist the petitioner. Cognato testified that he has been a paraplegic since 1969, and that for more than seven years he had been treated with the drug Talwin in private

1. Cognato was admitted to the Medical Center on March 18, 1976.

hospitals and in state prison hospitals. Cognato testified that he suffers from chronic pain, and that Talwin provides greater relief from pain than other drugs. Cognato contended at the hearing that he had not been addicted to Talwin, but conceded that "Talwin has been abused [by prisoners] throughout the institution."

Dr. Webb, chief of medicine at the Medical Center, testified that the medical staff had unanimously voted to discontinue the use of Talwin at the Medical Center, because prolonged use of Talwin causes muscle fibrosis and atrophy, possible infection, and abscess formation. He said that petitioner Cognato had sustained some muscular damage as a result of using Talwin. Dr. Lieberwitz, Cognato's attending physician, stated that he agreed with the medical staff's decision, and that Cognato's pain medication needs could be satisfied with other drugs. Dr. Miller, orthopedic surgeon at the Medical Center, testified that drugs other than Talwin were best suited for treating Cognato's condition, and that Talwin was possibly addictive.

The district court denied Cognato's habeas petition on the grounds that petitioner had produced no evidence that the decision of the medical staff to discontinue the use of Talwin was incorrect, except for his subjective statements about the superior pain relieving qualities of Talwin.

We have carefully reviewed the record in this case. The evidence indicates that a panel of physicians, including Cognato's attending physician, unanimously arrived at a decision to change Cognato's medication in the interest of Cognato's own health. Cognato's disagreement with this medical opinion does not raise a claim entitling him to habeas corpus relief. See *Wilbron v. Hutto*, 509 F.2d 621, 622 (8th Cir. 1975); *Cates v. Ciccone*, 422 F.2d 926 (8th Cir. 1970). Accordingly, the district court properly denied Cognato's petition.[2]

Affirmed.

2. We do not suggest that the patient's subjective response to the pain relieving qualities of a medication is unimportant. Indeed, that response should be of particular importance and significance, particularly in a case such as this where the prisoner has no use of his legs. The evaluation of that response is a significant factor to be taken into account in the physician's medical decision. The petitioner's subjective response to the drug by itself, however, does not furnish a sufficient factual basis for the court to overrule the medical decision made in petitioner's case, which is otherwise supported by substantial evidence.