**Darrell RANDALL, Appellant,**

v.

**Donald WYRICK, Warden, Capt. Maness and Lt. Burns, Missouri State Penitentiary, Appellees.**

**No. 80–1680.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 24, 1981.

Decided Feb. 26, 1981.

---

Darrell Randall, pro se.

John Ashcroft, Atty. Gen., Jerry L. Short, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before BRIGHT, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Darrell Randall, an inmate of the Missouri State Penitentiary at Jefferson City, Missouri, initiated this action *pro se*, seeking damages and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violation of his constitutional rights[1] in various conditions of confinement.[2] His complaint was followed by a "Motion and Preliminary Injunction" which gives rise to the present appeal, in which appellant sought, among other things, immediate equitable relief to compel medical treatment and a medical examination at the University of Missouri Medical Center.

The case was referred to the United States magistrate in accordance with the provisions of 28 U.S.C. § 636, with the result that after a show cause hearing and a supplemental hearing, the magistrate recommended that appellant's motion for equitable relief be denied.

The district court,[3] upon full review of the magistrate's report and after an independent examination of the record including audio recordings of the magistrate's hearings, denied appellant's motion for a preliminary injunction. For the reasons stated below, we affirm the district court's denial of equitable relief.

Appellant's motion for an immediate preliminary injunction, filed June 22, 1979, is concerned with alleged inadequacies in the medical treatment he has received in the penitentiary. Specifically, appellant alleges that a foam mattress which eased his back pain was removed by prison guards during a search of his cell, that prison officials denied him access to special pencils required by bursitis in his fingers, that the cold temperature in his seclusion cell aggravated his bursitis, and that the pain in various joints resulting from his bursitis has been consistently ignored by prison officials.

---

1. In his complaint appellant alleged that his cell had been unconstitutionally searched, with the result that he was subjected to an unjustified violation report for marijuana found therein; that the marijuana was not proven to be a contraband substance by chemical tests; that his sentence to punitive segregation was unjustified; that personal property was stolen and destroyed by guards during the cell search; that Warden Donald W. Wyrick threatened him with reprisals; that he was ridiculed by prison personnel for his religious beliefs and was unconstitutionally denied the right to practice his religion; that his medical problems were ignored by prison officials; that Warden Wyrick used his position to discredit appellant in the news media; that prison grievance procedures are unconstitutional, denying a prisoner due process of law; that he was denied access to adequate legal assistance; that Missouri law, giving prison officials discretion to segregate an inmate, is unconstitutionally vague and imprecise; and that placement of inmates in segregation is done on a discriminatory basis, in violation of the equal protection clause of the fourteenth amendment.

Most of these claims are not before the court on the present appeal, which involves only appellant's request for equitable relief.

2. Named as defendants are Donald W. Wyrick, Warden of the Missouri State Penitentiary; Captain Maness, a correctional officer there; Lt. Burns, another correctional officer; and certain other "Unknown Prison Officials."

Since this appeal concerns only the portion of appellant's complaint relating to lack of medical treatment, it is worth noting here that prison medical personnel are not named as defendants. Given the result we reach in this case, we decline to reach the complexities which might be involved in holding the named defendants liable for injunctive relief on a respondeat superior theory.

3. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Upon referral of the cause to the United States magistrate, appellees were directed to show cause why preliminary injunctive relief should not be granted. Appellees' response included medical records prepared by two consulting physicians, Dr. Alan Doerhoff and Dr. Ajans, a psychiatrist. The report of Dr. Doerhoff, addressed to appellant's physical condition, indicates that appellant suffers from:

> Mild degenerative arthritic changes in the lower cervical spine. Mild hypertrophic spurring, lower thoracic spine. Congenital lack of development of the 12th rib. Congenital abnormality of the 5th lumbar vertebrae. Deformity of the outer third of the left clavicle, probably residuals of an old healed fracture. Narrowing, slight of the joint space in the right knee.

Additional information on appellant's medical condition was subsequently presented at a full evidentiary hearing before the magistrate on September 20, 1979. At this hearing, appellant testified in great detail regarding his medical problems, raising in his testimony three distinct medical conditions: the pain in his joints due to bursitis or arthritis; a lingering ear infection; and pain in his back. The substance of his testimony in each of these areas was as follows.

Regarding the pain in his joints, appellant testified that he suffers from bursitis rather than arthritis, as found by Dr. Doerhoff, and that his condition has been aggravated by conditions in the prison segregation unit and by lack of exercise.

Secondly, regarding his ear infection, appellant testified that the infection was first treated with Tylenol, a synthetic aspirin. After two weeks had passed, the penitentiary medical staff allegedly prescribed antibiotics, but without result.

Finally, appellant testified that he suffers from back pain as a result of a 1973 automobile injury. He stated that his back pain can only be relieved by chiropractic treatment and that the prison medical staff refused to provide him with such treatment. He claimed that a daily prescription of Talwin is inadequate to relieve his pain.

A second hearing was held on October 15, 1979, because appellant requested an opportunity to present additional witnesses. At this time appellant presented two inmate witnesses who confirmed his claim of extreme back pain and the daily prescription of Talwin. Two additional non-inmate witnesses testified about their attempts to obtain medical treatment for appellant through correspondence with Warden Wyrick.

On cross-examination, appellant indicated that he has only infrequently sought relief for his various medical problems through the penitentiary sick-call procedures, because he has felt frustrated by the procedures and waiting time involved.

One witness testified on behalf of appellees. Dr. E. A. Key, Chief Medical Officer of the Missouri State Penitentiary, testified that he first diagnosed appellant's condition on September 19, 1978, as one of bursitis, and that he prescribed Talwin on a daily basis to relieve pain. Dr. Key further testified that two other physicians[4] had examined appellant in the seven months prior to the second hearing before the United States magistrate. These physicians concurred in Dr. Key's diagnoses, although one, Dr. Doerhoff, also diagnosed a "mild degenerative arthritic" condition.

Regarding the treatment accorded appellant, Dr. Key testified that appellant had been examined eight times for his ear infection between May 23, 1979 and October 18, 1979, the date of the second hearing. Medical records also showed that medication had been prescribed on a regular basis. Regarding appellant's joint and back pain, Dr. Key testified that cortisone requested by appellant could have dangerous side effects. He also testified, as confirmed by Dr. Doerhoff, that the daily prescription of Talwin is

---

4. Dr. Bowers, a regular member of the medical staff of the penitentiary, and Dr. Doerhoff, a consulting physician who maintains a private practice in Jefferson City, Missouri.

the medically accepted treatment for appellant's complaints of joint and back pain.

On the basis of the foregoing evidence and testimony, the United States magistrate issued his Report and Recommendation that appellant's motion for injunctive relief be denied. Appellant subsequently submitted by letter his objections to the Report, with the result that the magistrate issued a supplemental Report and Recommendation again recommending that appellant's motion be denied. The district court concurred in the magistrate's recommendation and dismissed appellant's motion for a preliminary injunction upon his medical claim on January 17, 1980.

Appellant brings this timely appeal pursuant to 28 U.S.C. § 1292(a).[5]

■ Appellant's claims on appeal are not entirely clear.[6] However, it appears that appellant is claiming (1) that he was denied a right to secure evidence to support his claim, (2) that the evidence did not support the findings of the court below, and (3) that he is being denied adequate medical treatment because of his religion.

■ Taking each of these allegations in turn, we find first that appellant was given sufficient opportunity to adduce testimony and evidence in support of his motion for injunctive relief aimed at his medical treatment. The United States magistrate held two evidentiary hearings, the second at the request of appellant. Although Randall argues that he was "denied experts capable of being unbiased," we note that he was seen by a consulting physician, Dr. Doerhoff, who is not a member of the penitentiary medical staff.

■ Appellant's contention that the evidence did not support the findings of the district court is equally without merit. There was ample evidence to show that appellant's medical needs were attended to by the penitentiary staff.[7]

■ Finally, we can find no evidence in the record to support appellant's claim that his medical needs were ignored because of his religion. It appears that this issue may not have been raised in district court, because there is no reference to appellant's religion in either of the magistrate's Reports and Recommendations or in the summaries of appellant's testimony in the record. We decline to reach on appeal a matter which has not been presented to the district court, *Chuan-Fa Chen v. Palmer*, 589 F.2d 355, 358 (8th Cir. 1978); *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 890 (8th Cir. 1978), and, in any case, find no evidence in support of appellant's claim.

This court en banc recently clarified the considerations which should determine a district court's ruling on a request for preliminary injunctive relief, as follows:

> [W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability

---

5. The district court refused to certify an appeal in forma pauperis on the ground that appellant had not met the standard for issuance of a preliminary injunction. The district court was of the opinion that an appeal would be frivolous and would not be taken in good faith, *citing* Fed.R.App.P. 24; *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

6. Appellant proceeds *pro se*. Randall submitted to the district court a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(d), which was denied. We find no abuse of discretion in this denial as there is no constitutional or statutory right for an indigent to have appointed counsel in a civil case, and as we do not endorse the appointment of counsel in every § 1983 case filed by a state prisoner. *Manning v. Lockhart*, 623 F.2d 536, 540 (8th Cir. 1980) (per curiam); *Peterson v. Nadler*, 452 F.2d 754, 757 (8th Cir. 1971) (per curiam).

7. In particular, testimony and medical records show eight treatments for appellant's ear infection. Two doctors concurred that appellant was receiving a medically approved course of treatment for his joint and back pain.

that plaintiff will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 at 113 (8th Cir. 1981).

■ In the present case, the district court's denial of preliminary injunctive relief predated our en banc clarification of the standard for such relief, but the court's decision nevertheless appears correct under any of the standards which could be said to apply. *See Minnesota Ass'n of Health Care Facilities, Inc. v. Minnesota Department of Public Welfare*, 602 F.2d 150 (8th Cir. 1979) (setting forth two alternative preliminary injunction tests); *Fennell v. Butler*, 570 F.2d 263, 264 (8th Cir.) (adopting Second Circuit test and citing *Gresham v. Chambers*, 501 F.2d 687, 691 (2d Cir. 1974)), cert. denied, 437 U.S. 906, 98 S.Ct. 3093, 57 L.Ed.2d 1136 (1978); *Minnesota Bearing Co. v. White Motor Corp.*, 470 F.2d 1323 (8th Cir. 1973) (traditional test). Accordingly, we affirm the denial of equitable relief, noting that an appellant carries a heavy burden when seeking to reverse the denial of a preliminary injunction. Such an interlocutory order may be reversed only if the district court abused its discretion or based its decision on an erroneous legal premise. *Federal Trade Comm'n v. National Tea Co.*, 603 F.2d 694, 696 (8th Cir. 1979); *American Home Investment Co. v. Bedel*, 525 F.2d 1022, 1023 (8th Cir. 1975).

■ Here, it is entirely clear that the district court committed no error in its assessment of the law or the evidence. As the district court noted, appellant can succeed in this civil rights action only if he can prove a "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). From the record it appears that when appellant has followed the established prison procedures for obtaining medical treatment, he has received it, both in connection with his complaints of joint and back pain, and in connection with his ear infection.[8] Appellant's difference of opinion over matters of expert medical judgment or a prescribed course of medical treatment fails to state a federal constitutional question.[9] *Id.* at 107, 97 S.Ct. at 292; *Cognato v. Ciccone*, 558 F.2d 512 (8th Cir.) (per curiam), cert. denied, 434 U.S. 974, 98 S.Ct. 530, 54 L.Ed.2d 465 (1977); *Massey v. Hutto*, 545 F.2d 45 (8th Cir. 1975) (per curiam); *Seward v. Hutto*, 525 F.2d 1024 (8th Cir. 1975) (per curiam).

We conclude that appellant has fallen far short of demonstrating probable success on the merits. He has similarly failed to adduce evidence of irreparable harm in the absence of injunctive relief, insofar as the medical staff of the penitentiary are following medically accepted procedures in treating appellant's various ailments.

---

8. We find it appropriate to comment here on appellant's claim that he has been denied chiropractic treatment for his back, although this specific matter was not raised on appeal. Under the principle of liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we reach the allegation and find it to be without substance, since the claim again involves merely a difference of opinion over desirable treatment.

Similarly, appellant alleged in district court but has not pressed on appeal the claims that his ailments have been aggravated by lack of special pencils for his bursitis; by cold in the segregation cell; by lack of exercise; and by the guards' confiscation of a foam mattress which relieved his back pain.

Insofar as these allegations involve Randall's assessment of his medical needs, we decline to controvert the district court's finding that ap-

pellant is receiving a medically accepted course of treatment. However, insofar as these claims may involve cruel and unusual punishment in the conditions of confinement, we defer to the district court's decision in the first instance whether appellant is entitled to monetary relief for confinement in conditions which violated the eighth amendment.

9. We do not suggest that appellant's subjective response to a course of treatment is unimportant. *See Cognato v. Ciccone*, 558 F.2d 512, 513 n.2 (8th Cir.) (per curiam), cert. denied, 434 U.S. 974, 98 S.Ct. 530, 54 L.Ed.2d 465 (1977). As we noted in *Cognato v. Ciccone*, however, appellant's subjective response does not furnish a sufficient factual basis for the court to overrule a medical decision which is otherwise supported by substantial evidence.

The order of the district court denying preliminary injunctive relief is affirmed.