758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CLYDE R. ALLEN, JR., PLAINTIFF-APPELLANT,
v.
EDWARD ARBOGAST, ASSOCIATE WARDEN OPERATIONS; WILLIAM
TRZETZIAK, HOSPITAL ADMINISTRATIVE OFFICER; DAVID HICKS,
ASST. HOSPITAL ADMINISTRATIVE OFFICER; DR. AKTAR, CONSULTANT
PHYSICIAN; GERALD PAYNE, PHYSICIAN ASST.; KAREN KEMP,
PHYSICIAN ASST.; STEVEN POPE, PHYSICIAN ASST., DEFENDANTS-APPELLEES.
 NO. 84-5755
 United States Court of Appeals, Sixth Circuit.
 2/22/85
 
 1
 Before Keith and Krupansky, Circuit Judges; and new blatt, District Judge.*
 
 
 2
 The plaintiff appeals the summary judgment for the defendants in this pro se prisoner's action for damages. The appeal, now fully briefed, was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff was an inmate at the Federal Correctional Institute at Ashland on October 11, 1983 when he fractured the little finger on his right hand. In his pro se complaint, he asserted the medical treatment afforded him resulted in the permanent deformity of and loss of mobility in his right hand. He therefore claimed the medical treatment amounted to cruel and unusual punishment under the Eighth Amendment. The defendants filed a motion to dismiss accompanied by affidavits of various medical personnel at Ashland. Treating that motion as one for summary judgment, the district court concluded the plaintiff failed to establish an Eighth Amendment claim and granted summary judgment to the defendants. This appeal followed.
 
 
 4
 In order to establish a violation of the Eighth Amendment as it relates to medical care, a prisoner must 'allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.' Estelle v. Gamble, 429 U.S. 97, 106 (1976). It is not enough to assert the defendants were 'negligent in diagnosing or treating a medical condition,' Estelle v. Gamble, 429 U.S. at 106, or to assert a different course of medical treatment should have been followed. Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981).
 
 
 5
 In this case, the defendants presented evidence, undisputed by the plaintiff, that medical personnel at Ashland treated the plaintiff on the day of the fracture and several times thereafter. He complains, however, that an X-ray was not taken of his hand until three days after the fracture and that the hand was not personally examined by a physician until twenty days after the fracture. Given the record of the medical care rendered (including the fact a physician reviewed the X-rays and approved of the treatment given by the medical staff), we find the district court did not err in finding the plaintiff failed to show such a 'deliberate indifference' to his medical needs as to state a cognizable claim under the Eighth Amendment. Therefore,
 
 
 6
 It is ORDERED that the district court's summary judgment of July 27, 1984 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Judge Stewart A. Newblatt, U.S. District Judge for the Eastern District of Michigan, sitting by designation