779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHESTER PATTERSON, Plaintiff-Appellant,
v.
JAN EPP, R.N., Defendant-Appellee.
 85-1512
 United States Court of Appeals, Sixth Circuit.
 10/15/85
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: MERRITT and CONTIE, Circuit Judges; and WEICK, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the summary judgment for the defendant in this pro se prisoner's civil rights action. He now seeks the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The plaintiff suffered a hand wound on June 28, 1984. He was sent for treatment to the emergency room of an outside hospital where a physician treated the wound and told the accompanying guards to return the plaintiff on July 2 for a check of possible nerve damage. The defendant, who is the director of the prison medical center, cancelled the appointment. The plaintiff was thereafter treated in the prison medical center. A Board Certified Surgeon examined the hand on July 26, 1985 and told the plaintiff his complaints of numbness would lessen in time, but stated that nerve repair surgery would be considered in the future if the hand gave the plaintiff difficulty.
 
 
 3
 In his pro se complaint, the plaintiff asserted the cancellation of the outside examination constituted cruel and unusual punishment under the Eighth Amendment. Based upon the records of the prison medical center and the defendant's affidavit, the district court granted summary judgment to the defendant. This timely appeal followed.
 
 
 4
 The plaintiff seeks to raise two general issues on appeal:
 
 
 5
 (1) The district court erred in granting the defendant's motion to set aside an entry of default entered by the clerk after the defendant failed to file her answer within 20 days of service; and
 
 
 6
 (2) The district court erred in entering summary judgment for the defendant on the merits of the claim.
 
 
 7
 These issues are without merit.
 
 
 8
 Rule 55(c), Federal Rules of Civil Procedure, permits a district court to set aside an entry of default 'for good cause shown.' This Court examined that rule and set guidelines for its application in United Coin Meter Co. v. Seaboard Coastline Railroad, 705 F.2d 839 (6th Cir. 1983). Applying those guidelines to the facts of this case as revealed in the record, we conclude the district court did not abuse its discretion in setting aside the entry of default. That is particularly true in light of the absence of willful conduct on the part of the defendant and the merit of the asserted defense.
 
 
 9
 In order to state a claim that medical treatment or lack thereof constituted cruel and unusual punishment, an inmate must show a 'deliberate indifference to serious medical needs.' Estelle v. Gamble, 429 U.S. 97, 106 (1976). It is not enough that the plaintiff has a difference of opinion about the medical treatment actually afforded. Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981). In this case, the medical record shows the plaintiff's hand was treated by prison medical personnel on several days following the visit to the outside hospital. Although the plaintiff may have preferred treatment at the hospital by a particular physician, the district court did not err in concluding the defendant's decision to treat the wound within the prison medical center did not constitute cruel and unusual punishment. Therefore,
 
 
 10
 It is ORDERED that plaintiff's motion for appointment of counsel be and it hereby is denied.
 
 
 11
 Upon examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(g), Federal Rules of Appellate Procedure. Accordingly,
 
 
 12
 It is further ORDERED that the district court's judgment of June 17, 1985 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.