**Eric M. GOFF, Plaintiff,**

v.

**Lee W. BECHTOLD, Defendant.**

**Civ. A. No. A:85–0070.**

United States District Court,
S.D. of West Virginia,
Parkersburg Division.

April 18, 1986.

Eric M. Goff, pro se, Parkersburg, W.Va., for plaintiff.

Howard E. Seufer, Davis, Bailey, Pfalzgraf & Hall, Parkersburg, W.Va., for defendant.

## MEMORANDUM OPINION
## AND ORDER

HADEN, Chief Judge.

Eric Goff brings this *pro se* action pursuant to 42 U.S.C. § 1983. He alleges that Defendant Bechtold, a former Sheriff of Wood County, denied him medical care and attention while he was incarcerated in the Wood County Correctional Center.[1] The Defendant contends that there is no genu-

---

1. The Plaintiff, in essence, is charging the Defendant with violating the Eighth Amendment's guarantee against cruel and unusual punishment. Implicit in his action is the contention that the Defendant was acting under color of state law.

ine issue as to any material fact and that he is entitled to judgment as a matter of law. Accordingly, he moves for summary judgment pursuant to *Rule* 56. The Plaintiff has been notified of his right to submit responsive materials and the consequences of failing to do so. *See* Order entered March 18, 1986. The Plaintiff has not responded. The Court deems the matter mature for decision.[2]

■ It is now well settled that a governmental unit, such as Wood County, "has an obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). Such care, however, need not be the best possible care; it only has to be "reasonable" care. *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir.1977); *see also Blanks v. Cunningham*, 409 F.2d 220 (4th Cir.1969); *Edwards v. Duncan*, 355 F.2d 993 (4th Cir.1966).

In *Estelle* the United States Supreme Court solidly gave its approval to the principle developing in the lower courts that deliberate indifference on the part of prison officials to a prisoner's serious illness or injury stated a cause of action under Section 1983. The Supreme Court cautioned, however, that it was only such indifference as would "offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. The act or omission complained of must be such as to constitute the intentional infliction of unnecessary suffering. *Id.* at 103, 97 S.Ct. at 290. *See also Russell v. Enser*, 496 F.Supp. 320 (D.S.C.1979), *affirmed*, 624 F.2d 1095 (4th Cir.1980).

■ It is self-apparent that the *Estelle* test is two-pronged. First, it requires deliberate indifference on the part of prison officials. Second, the injury or illness of the prisoner must be serious.[3] *Inmates of the Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979); *West v. Keve*, 571 F.2d 158, 161 (3d Cir.1978). Hence, a prisoner cannot state a constitutional claim if he has only minor medical needs. Neither can he state a claim if his needs are inadvertently neglected.

■ In regard to the last point, the courts are in agreement that mere negligence or inadvertence in treating a prisoner will not supply grounds for a Section 1983 suit. *Estelle*, 429 U.S. 97, 97 S.Ct. 285; *Withers v. Levine*, 615 F.2d 158 (4th Cir.1980), *cert. denied*, 449 U.S. 849, 101 S.Ct. 136, 66 L.Ed.2d 59 (1980); *Peterson v. Davis*, 551 F.Supp. 137 (D.Md.1982), *affirmed*, 729 F.2d 1453 (4th Cir.1984); *Russell*, 496 F.Supp. 320. Negligence may, of course, give rise to a medical malpractice suit, but malpractice in and of itself does not assume constitutional dimensions.

■ In further refinement of the law applicable to this type of case, it is noted that "claims of inadequate medical treatment which reflect a mere disagreement with prison authorities over proper medical treatment do not state a claim of constitutional magnitude." *Massey v. Hutto*, 545 F.2d 45, 46 (8th Cir.1976); *see also Ferranti v. Moran*, 618 F.2d 888 (1st Cir.1980). Neither can a prisoner sustain an action where he merely harbors a different opinion than his custodians as to the correctness of his course of treatment. *Randall v. Wyrick*, 642 F.2d 304 (8th Cir.1981);

2. In considering this motion, the Court is mindful that the pleadings of *pro se* prisoners are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Such liberality, however, can only be extended so far. If the Plaintiff had chosen to respond to this motion, the Court would have evaluated his efforts with appropriate leniency. The Plaintiff, however, has chosen to remain silent and rests upon his pleadings—albeit pleadings which are liberally construed. As a result, the Court now addresses a record replete with uncontroverted facts.

3. With regard to the seriousness of the Plaintiff's medical needs, the Court notes that when the Plaintiff's dorsal spine, lumbar spine and pelvis—areas in which the Plaintiff complained of pain—were x-rayed, the results were negative. This outcome does not, of course, disprove the legitimacy of the Plaintiff's complaints, but it does provide one objective aspect of the Plaintiff's health.

*McCracken v. Jones*, 562 F.2d 22 (10th Cir.1977), *cert. denied*, 435 U.S. 917, 98 S.Ct. 1474, 55 L.Ed.2d 509 (1978).

Upon reflection, the Court believes that this Plaintiff's complaints fall into the last mentioned category—that is, that he had at the time of his incarceration merely a disagreement with the Wood County officials over his treatment. The Plaintiff complains (1) that he was not allowed to be treated by a doctor of his own choice, and (2) that he was denied medication for pain resulting from a back injury.

■ It is evident from the record that the Plaintiff wished to be treated by Dr. Bunting, a local chiropractor. He asserts that he had to get a court order to see that particular doctor. The record reflects that the Circuit Court of Wood County issued three orders directing the Sheriff's Department to transport the Plaintiff to the Bunting Clinic. The Court is not convinced, however, that the actions of the state court are evidence of deliberate indifference by the Defendant. First, the orders were prepared by counsel for the Plaintiff. Second, there is no indication that the trips to the chiropractor were of an emergency nature. Third, the orders explictly require the Plaintiff to pay for the treatment. At most, the orders manifest a compromise by which the Plaintiff was able to obtain treatment of his choice. Denial of a preferred course of treatment—if in fact such occurred here—does not infringe a constitutional right. *Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir.1981); *Gahagen v. Pennsylvania Board of Probation and Parole*, 444 F.Supp. 1326 (E.D.Pa.1978).

The case of *Randall v. Wyrick*, 642 F.2d 304 (8th Cir.1981), possesses facts strikingly similar to the case at bar. The plaintiff in *Randall*, a prisoner, complained of back pain as a result of an automobile accident.[4] He complained that the prison staff refused to allow his access to a chiropractor. Chiropractic services, he contended, were necessary to relieve him of the pain which he suffered. The *Randall* court found that the plaintiff's grievance did not meet the *Estelle* standard of "deliberate indifernce." The claim, said the court, "involve[d] merely a difference of opinion over desirable treatment." *Id.* at 308, n. 8.

The Plaintiff's allegation that he was not given medication to relieve his back pain is pierced by the record which the Defendant has compiled in support of his motion for summary judgment.[5] For instance, the inmate medication log kept for the Plaintiff contains a total of 36 pages. It details literally hundreds of entries whereby the Plaintiff was supplied with medication ranging from Tylenol and Ben-Gay to prescription drugs. The Plaintiff may yet contend that the medication was insufficient to reduce his pain. Such a contention, however, states a claim for malpractice rather than the constitutional tort of "deliberate indifference."[6]

In conclusion, the Court notes that the Plaintiff in all likelihood has suffered some pain as a result of his automobile accident. And it may be true that the medical attention which he received in the Wood County correctional facility did not meet his standards. These facts alone, however, do not state a case for deprivation of a constitutional right. The *uncontroverted* medical documents establish that the Plaintiff frequently received medication and that he was treated by the jail physician and nurse.[7] It must be remembered that the

---

4. The Plaintiff in this case also contends that his back pain can be traced to a recent automobile accident.

5. The Defendant relies upon the exhibits which were appended to his answer. Those exhibits include "speed letters" from the Plaintiff, notes from treating physicians, releases from custody for medical appointments and medication logs. These documents may properly be considered by the Court. *Rule* 56(c) allows the Court to scrutinize the pleadings, *inter alia,* in reviewing a summary judgment motion and *Rule* 10(c) makes an exhibit to a pleading "a part thereof for all purposes."

6. Naturally, the Court does not express an opinion as to whether medical malpractice in fact occurred.

7. Insofar as the Plaintiff attacks the professional judgment of Dr. Avery, the jail physician, this Court cannot grant the Plaintiff relief under the

"Constitution does not require that sentenced prisoners be provided with every amenity which one might find desirable." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir. 1978), *reversed on other grounds, sub nom Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

Therefore, the Court finding that the Defendant has established that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, it is ORDERED that judgment shall be entered in favor of the Defendant and against the Plaintiff on the Plaintiff's complaint.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record and to the *pro se* Plaintiff, Eric M. Goff.

guise of a Section 1983 suit. It is generally accepted that a Court will not second-guess the judgment of a physician. *Zaczek v. Hutto*, 642

F.2d 74 (4th Cir.1981); *Bowring v. Godwin*, 551 F.2d 44 (4th Cir.1977).