805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Robert KIMSEY, Plaintiff-Appellant,
v.
H.K. RUSSELL, Supt.; Wes Jones, Supt. of Treatment; Dr.
Curry; Dr. Martinez; Barbara Moore, Head Nurse,
Defendants-Appellees
 No. 86-3354.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1986.
 
 Before MERRITT, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals the orders granting the motion to dismiss one defendant (Russell) and the motion for summary judgment of the remaining defendants in this pro se prisoner civil rights action. He now moves for the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The plaintiff filed this action asserting the medical care he is receiving at Lima Correctional Institute (LCI) constitutes cruel and unusual punishment. He specifically asserted the LCI medical staff (1) is incompetent and conducts only cursory examinations, (2) refuses at times to see him or to prescribe medications despite his complaints of pain, (3) denies his requests for x-rays and outside consultations, and (4) refuses to change his prescriptions despite his complaints of adverse reactions from his present medications. The district court dismissed the action as to defendant Russell on grounds he was not personally involved in the alleged unconstitutional deprivations. The remaining defendants moved for summary judgment and filed the affidavit of one LCI physician (Martinez) and copies of the plaintiff's prison medical records. The district court granted the motion on grounds the plaintiff had not shown a deliberate indifference to his medical needs.
 
 
 3
 In order to state a claim that the course or denial of prison medical care arises to the level of cruel and unusual punishment, an inmate must assert "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A claim of negligence in the diagnosis or treatment of a medical condition does not meet that standard. 429 U.S. at 106. Neither do complaints setting forth primarily a difference of opinion about the course of treatment afforded an inmate. Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir.1981) (per curiam).
 
 
 4
 The record in this case shows the plaintiff has received much medical attention since his incarceration by Ohio authorities, including an operation on his hand and consultations with outside physicians. Although he raises issues as to the proper course of treatment given him, specifically as to the type of medications prescribed for his various ailments, we conclude the district did not err in finding these matters did not rise to the "deliberate indifference" standard. Likewise, we conclude the district court did not err in dismissing the action as to defendant Russell. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, --- U.S. ---, 105 S.Ct. 156 (1984).
 
 
 5
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 6
 Upon examination of the record and the plaintiff's informal brief, this panel unanimously agrees that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 7
 It is ORDERED, therefore, that the district court's judgment for the defendants be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.