**Angel Manuel CANCEL, Appellant,**

v.

**R.H. RISON, Warden, Medical Center for Federal Prisoners; Department of Justice; United States Bureau of Prisons, Appellees.**

**No. 92–2898.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1993.

Decided Feb. 3, 1993.

---

Angel Manuel Cancel, pro se.

Alleen S. Castellani, Kansas City, MO, argued, for appellees.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Angel Manuel Cancel, a/k/a Jean Paul Du Govence, a federal inmate, appeals the district court's [1] dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. We affirm.

On April 10, 1992, Cancel filed this petition alleging that he was being unlawfully held at the Medical Center for Federal Prisoners in Springfield, Missouri (MCFP). He alleged that he was denied due process prior to and during the commitment proceedings. Cancel also alleged that he was receiving inadequate medical treatment at MCFP, and he sought release from MCFP. Cancel then filed numerous motions concerning the criminal case that was still pending against him in New Jersey, including four motions to transfer the case from New Jersey to Missouri. Cancel also sent the Missouri district court a 42 U.S.C. § 1983 complaint against the United States and William P. Barr, Attorney General, al-

leging constitutional violations and asserting a claim under the Federal Tort Claims Act (FTCA), but he instructed the clerk to file the documents with his habeas petition. The clerk did not serve the section 1983 complaint.

In response to a show cause order, the government submitted affidavits and documentation explaining the commitment procedures that had been followed and showing that Cancel received extensive medical treatment while at MCFP. The district court determined that Cancel must challenge the adequacy of his commitment proceedings in New Jersey; there was no evidence of deliberate indifference to Cancel's serious medical needs; and there was no basis for Cancel's request that his criminal trial be transferred to Missouri. The district court dismissed Cancel's petition without prejudice. On August 4, 1992, Cancel was released from MCFP and returned to New Jersey.

Without deciding whether the district court properly dismissed Cancel's habeas petition, we conclude that the petition is now moot because Cancel admits that he is no longer being held at MCFP. *See Henry v. Ciccone*, 440 F.2d 1052, 1054 (8th Cir.1971). Even assuming Cancel could raise a claim of deliberate indifference to serious medical needs in this habeas petition, *see Cognato v. Ciccone*, 558 F.2d 512, 513 (8th Cir.) (per curiam), *cert. denied*, 434 U.S. 974, 98 S.Ct. 530, 54 L.Ed.2d 465 (1977), or even construing the complaint as attempting to state a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), we conclude the district court properly determined that Cancel failed to present any facts to support his claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985) (*"pro se* complaint must contain specific facts supporting its conclusions").

We also conclude Cancel filed his motions to transfer his criminal case from New Jersey to Missouri with the wrong court,

1. The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri, adopting the report and recommen-

dations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

and we conclude that we have no basis to review Cancel's section 1983 and FTCA complaint, even construing it as *Bivens* complaint. *See Ryder v. Morris,* 752 F.2d 327, 332 (8th Cir.), *cert. denied,* 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985) (appellate courts will not consider issues not raised below unless an "injustice might otherwise result").

Accordingly, we affirm.