36 F.3d 1100
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Richard RAYES, Appellant,
v.
John EGGARS; Daniel Schmuecker; Mike Kenney; Daniel C.
Danaher, P.A.; Frank X. Hopkins; Don Williams;
Craig Kipper; W.H. Kevin Stoner; Sgt.
Ronald King, Appellees.
 No. 94-1044.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1994.
Filed: September 23, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard Rayes, a Nebraska inmate, appeals from the district court's[1] order granting summary judgment to defendant prison officials in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 At his request in September 1989, Rayes began receiving a pork-free diet. Following Rayes's violations of prison regulations in August 1992, he was placed on a restrictive nutri-loaf[2] diet for one week. Rayes claimed defendants thereby knowingly violated his First Amendment rights because his Seventh Day Adventist beliefs prohibited him from consuming meat. Although Rayes told some of the defendants who served his meals that he did not eat meat, on at least two occasions he responded "yes" when asked at meal time if he wanted his nutri-loaf. Upon being served, however, he did not eat the nutri-loaf. He became weak and informed the medical staff that he did not feel well as a result of not eating for three days. A physician assistant directed him to eat the meals provided. Rayes was later hospitalized for an unrelated condition and the prison doctor removed the meal restriction after Rayes complained of weakness. Rayes claimed defendants had displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The district court granted defendants' summary judgment motion.
 
 
 3
 This court reviews de novo a grant of summary judgment and examines the record in the light most favorable to the non-moving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). We agree with the district court's conclusion that defendants' act of serving Rayes nutri-loaf did not proximately cause him to suffer a First Amendment violation, even assuming he sincerely believed his religion prohibited the consumption of meat.[3] The record is devoid of evidence that Rayes complied with prison regulations by which he could have informed defendants that eating meat conflicted with his religious values. Rayes's failure to communicate the origin and nature of his beliefs to defendants was the source of any transgression of his religious beliefs, not defendants' act of serving him nutri-loaf. Cf. Brown- El v. Harris, 26 F.3d 68, 69-70 (8th Cir. 1994) (prison policy did not restrict inmate's religious freedom where inmate was directly responsible for alleged constitutional violation).
 
 
 4
 We further agree with the district court's conclusion that defendants were not deliberately indifferent to Rayes's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981) (per curiam). Assuming arguendo that Rayes's medical needs were serious, the physician assistant responded to his interview request with explicit instructions. Upon Rayes's admission to the prison hospital, the prison doctor took him off the restrictive diet and placed him on the general diet following his complaints of weakness. Rather than alleging a cognizable Eighth Amendment claim, Rayes appears to have alleged only an unactionable disagreement with the course of treatment defendants provided him, see Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994), which this court will not second-guess in the face of otherwise substantial evidence. See Randall, 642 F.2d at 308 n.9.
 
 
 5
 Finally, we deny Rayes's post-appeal motions.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska
 
 
 [2]
 Nutri-loaf (or "Nutraloaf") is prepared by blending a variety of foods from normal prison meals, according to nutritionally balanced recipes, freezing the resulting substance, and then baking it into a solid loaf. LeMaire v. Maass, 12 F.3d 1444, 1455 (9th Cir. 1993). In this case, the nutri-loaf served to Rayes contained beef and poultry
 
 
 [3]
 While we give Rayes the benefit of the doubt as to the sincerity of his beliefs, we note the Seventh Day Adventist faith does not require its followers to eat a vegetarian diet, although the church highly recommends such a diet. LaFevers v. Saffle, 936 F.2d 1117, 1119 (10th Cir. 1991)