Kelly MOSS, Plaintiff-Appellant,

v.

M. W. THOMAS, W. L. (Bill) Moore, William S. Larkins, Dorris L. Robertson, and Bymal Haywood Dixon, Defendants-Appellees.

No. 14624.

United States Court of Appeals
Sixth Circuit.

March 6, 1962.

Kelly Moss, in pro. per.

Joe Nagle, Asst. Atty. Gen. (Troy Savage, Asst. Atty. Gen., Henry O. Whitlow, Waller, Threlkeld, Whitlow & Byrd, Paducah, Ky., on the brief), for appellees.

Before WEICK, Circuit Judge, and BOYD and THORNTON, District Judges.

PER CURIAM.

This is an appeal from an adverse jury verdict and judgment in a tort action wherein appellant charged a violation of his civil rights while incarcerated as a prisoner in the Kentucky State Penitentiary. The trial judge, upon motion by appellant, permitted this appeal in forma pauperis (Title 28, § 1915(a), U.S.C.A.), but declined to authorize the preparation of a transcript of the trial proceedings at government expense, ruling there was no necessity for such since the appeal was frivolous and presented no substantial question.

The appellant in his inept presentation of this appeal challenges the regularity of the trial court proceedings and the order denying him a transcript of the "proceedings" at government expense. He asks this Court to override the trial judge by ordering a transcript of the proceedings below be prepared at government expense in order that this Court might review same in search of possible errors.

This Court dealt with the identical problem here presented in King v.

Carmichal, C.A. 6th, 1959, 268 F.2d 305, cert. denied 361 U.S. 968, 80 S.Ct. 597, 4 L.Ed.2d 548, holding in effect that the regularity of the proceedings below can not be questioned on appeal and the transcript printed at government expense without a certificate from the trial judge certifying that the appeal is not frivolous, but presents a substantial question. We adhere to the principle announced in this case.

■ Two days before the hearing of the appeal in this Court appellant moved for the appointment of counsel to represent him. His regularly retained counsel at the trial below withdrew following the jury's verdict. In the circumstances of this case we find no merit in appellant's request in this regard.

■ While in contrast to a criminal proceeding in which there is a duty upon the Court to assign counsel to represent an indigent defendant, a court in a civil case with respect to the appointment of counsel is endowed with discretion. Title 28 U.S.C.A. § 1915(d); Reid v. Charney, et al., C.A. 6th, 1956, 235 F.2d 47.

The appeal is dismissed.