798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benny SHAFFNER, and Frank L. Bryan, Plaintiffs-Appellants,
v.
John L. SMITH, Donald E. Bordenkircher, and Robert W.
Kerstetter, Defendants-Appellees.
 No. 84-5251.
 United States Court of Appeals, Sixth Circuit.
 July 16, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Benny Shaffner and Frank L. Bryan appeal from the district court's granting of a directed verdict and dismissing of plaintiffs' action for a failure to prosecute in favor of defendants-appellees John L. Smith, Donald E. Bordenkircher, and Robert W. Kerstetter. On appeal, plaintiffs assert that the district court erred in denying their motion for appointment of counsel, refusing to issue writs of habeas corpus ad testificandum for several inmate witnesses, and dismissing their action for a failure to prosecute, see Fed. R. Civ. P. 41(b). We affirm.
 
 
 2
 This is the third time this case has been before this Court and, consequently, we will only expound upon the facts necessary to decide issues presented by this appeal. Plaintiffs while inmates at the Kentucky State Penitentiary initiated this action by filing a complaint pro se alleging that the limitations being placed upon their access to the prison law library were denying them their right to access to the courts and that the double celling of inmates in single cells violated the Eighth Amendment. After our latest remand, the district court judge, in accordance with our order, considered whether counsel should be appointed in this case. The district court judge, after making a diligent effort to obtain counsel for the plaintiffs, reasoned that since the claims presented by the plaintiffs were not complex and since Shaffner had proven himself to be a capable litigant appointed counsel was unnecessary to ensure a fair trial of plaintiffs' claims. The district court judge did, however, grant Shaffner's later request to appoint an inmate legal advisor.
 
 
 3
 In preparing for trial, the plaintiffs filed a motion for the production of sixteen witnesses, eight of whom were prison inmates, at the government's expense. The district court judge responded to this motion by requesting the plaintiffs to submit an affidavit for in camera examination concerning the substance of the proposed witnesses' testimony. After examining the affidavit, the district court issued a memorandum opinion and order dated February 14, 1984, holding that he was exercising his discretion to issue writs of habeas corpus ad testificandum only for the plaintiffs. The district court made clear that the order did not preclude the plaintiffs from securing the presence of any other witnesses at their own expense.
 
 
 4
 Trial in this case began and ended on March 5, 1984. After opening arguments, Shaffner took the stand and attempted to read the affidavit he prepared for the in camera examination into the record. The district court sustained the defense counsel's objection to Shaffner's reading of the affidavit, but encouraged Shaffner to "tell the jury what happened" and to tell the jury anything that any of the defendants had said. Despite the exhortations of the district court judge to put some evidence before the jury, Shaffner and Bryan refused to proceed further with their case. In light of this complete failure of proof, the defendants moved and the district court granted a motion for a directed verdict. Subsequently, the district court issued a judgment granting the defendants' motion for a directed verdict and, alternatively, dismissing the suit due to a failure to prosecute. This appeal ensued.
 
 
 5
 A district court may pursuant to 28 U.S.C. Sec. 1915(d) (1982) appoint counsel to represent an indigent defendant. Moss v. Thomas, 299 F.2d 729, 730 (6th Cir. 1962) (per curiam) . The decision to appoint counsel is a fact-specific inquiry turning upon the merits of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case. E.g., McCarthy v. Weinberg, 753 F.2d 836, 838-39 (10th Cir. 1985) (per curiam); Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir.), cert. denied, 464 U.S. 986 (1983). The very nature of the district court's inquiry requires appellate courts to exercise considerable constraint in reviewing a district court's determination in this regard. Henry v. City of Detroit Manpower Department, 763 F.2d 757, 760 (6th Cir.) (en banc), cert. denied, 106 S. Ct. 604 (1985). Nevertheless, a district court's discretion is not boundless and if the indigent's claim is such that it could not be fairly presented in the absence of counsel, the refusal to appoint counsel constitutes reversible error. Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980). We consider this case in light of these principles.
 
 
 6
 The starting point for analysis is the merits of the claims asserted; a showing that the claims presented have substantial merit is a threshhold requirement to the appointment of counsel. In this case, this Court has previously held that the plaintiffs' complaint alleges cognizable constitutional claims; hence, we proceed to consider the other factors bearing upon this question. The issues presented by this case are not complicated. Plaintiffs' claims simply related to the degree and type of restraints placed upon their access to the law library and the conditions of their cells. The straightforwardness of the plaintiffs' case was augmented by a consent decree in related litigation, Kendrick v. Bland, 541 F. Supp. 21 (W.D. Ky. 1981), which disposed of all the issues in this case except the defendants' liability and the extent of plaintiffs' injuries. Also, the facts underlying these claims by their very nature were within the personal knowledge of the plaintiffs and hence significant investigation into the claims was unnecessary. In fact, the plaintiffs' complaint set forth the alleged unconstitutional policies regarding the law library in detail. Finally, the district court judge as a factual matter based upon his experience with Shaffner concluded that Shaffner would be able to present the case adequately to the jury.
 
 
 7
 Considering the foregoing factors in their totality, we do not believe the district court erred in refusing to appoint counsel. In our view, the nature of the claims presented considered in relation to the knowledge and experience of the plaintiffs, convince us that appointed counsel was not necessary to ensure the fair presentation of the plaintiffs' case. Of course, an appointed counsel might have aided the plaintiffs' case, but helpfulness is not the test to be applied. Furthermore, we note that the district court in this case ameliorated any substantial prejudice in his ruling by later granting the plaintiffs' request for the appointment of an inmate legal advisor. Accordingly, we hold that the district court judge did not commit reversible error in refusing to appoint counsel. We next turn to the plaintiffs' contention that the district court abused its discretion in failing to issue writs of habeas corpus ad testificandum for plaintiffs' proposed inmate witnesses.
 
 
 8
 The plaintiffs moved in this case for the production of eight inmate witnesses in addition to themselves. The district court, after reviewing in camera an affidavit by the plaintiffs concerning the proposed witnesses' testimony, issued a memorandum opinion and order on February 14, 1984. The district court judge noted in the memorandum opinion that the issuance of writs of habeas testificandum rested in his sound discretion and that based upon the relevant factors he was only granting writs for the plaintiffs to attend trial.
 
 
 9
 The decision to issue a writ of habeas corpus ad testificandum rests with the sound discretion of the trial judge. Holt v. Pitts, 619 F.2d 558, 560 (6th Cir. 1980) . The district court in exercising its discretion must not only consider whether the "prisoner's physical presence will contribute significantly to a fair adjudication of the claims," but also the dangers attendant in securing the prisoner's presence, the characteristics of the particular inmate, the efficacy of deposition testimony, and the cost and inconvenience associated with transferring the prisoner. Holt, 619 F.2d at 561-62. We consider the district court's order in light of these considerations.
 
 
 10
 Initially, according to the plaintiffs' affidavit, most of the proposed inmate witnesses were to testify concerning the restrictions on the access to the law library. As we have previously noted, this information was within the plaintiff's own personal knowledge; thus, we have serious doubts whether the proposed witnesses' testimony would have significantly contributed to a fair adjudication. Next, the district court's memorandum opinion of February 14, 1984 carefully and conscientiously analyzed the law in this area. The district court judge expressly noted that he had considered the applicable factors and was exercising his discretion. Further, by issuing the writs of habeas testificandum for the plaintiffs, the district court judge evidence in actions that he was carefully considering the motion. We conclude, therefore, that the district court did not abuse its discretion in refusing to issue the writs Finally, we consider whether the district court erred in dismissing the action for a want of prosecution .
 
 
 11
 The district court in this case both granted the defendants' motion for a directed verdict and in the alternative held that the action would be dismissed for a failure to prosecute. Since the plaintiffs in this case failed to appeal the district court's granting of a directed verdict in the defendants' favor, we deem it unnecessary to review their assignment of error concerning the district court's Rule 41(b) dismissal. Regardless of our holding on the Rule 41(b) issue, the judgment of the district court would still be supported by the grant of the directed verdict. Accordingly, we decline to review the merits of this question except to point out that, in any event, the district court's judgment is fully supported by its granting of defendants' directed verdict motion.
 
 
 12
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 13
 ---------------
 
 
 
 * Plaintiffs argue that the district court failed to exercise its discretion because it interpretted this Court's opinion in Johnson v. Hubbard, 698 F.2d 286 (6th Cir.), cert. denied, 464 U.S. 917 (1983), as prohibiting it from issuing any writs of habeas corpus ad testificandum. It is true that in its opinion of March 7, 1984, which accompanied the final judgment in this case, the district court did make some statements which could be intepretted in this manner. However, the district court judge both clearly realized and exercised his discretion to issue writs of habeas corpus ad testificandum, as evidenced by his issuing the writs for Shaffner and Bryan. Further, the district court's memorandum opinion and order of February 14, 1984 ruled upon the plaintiffs motion to produce the inmate witnesses; anything the district court judge put forth in his March 7, 1984 memorandum, therefore, is irrelevant to this question. Finally, we note that to adopt the plaintiff's arguments, in this regard, would be the quintessential example of exalting form over substance. Consequently, we find plaintiffs' contention unpersuasive.