905 F.2d 1537
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Jimmy M. COFFEY, Petitioner.
 No. 90-8526.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1990.
 
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 The petitioner, a Kentucky inmate who has a pro se civil rights action pending in the district court, seeks a writ of mandamus directing that court to grant his motion for appointment of counsel. In response, the district court has submitted a copy of its docket sheet.
 
 
 2
 The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. Will v. Calvert Fire Insurance Co., 437 U.S. 655, 661-62 (1978); Kerr v. United States District Court, 426 U.S. 394, 402-03 (1976). It cannot be used to control a district court in the exercise of discretionary duties. In re: Post-Newsweek Stations, 722 F.2d 325, 329 (6th Cir.1983); City of Cleveland v. Krupansky, 619 F.2d 576, 578 (6th Cir.) (per curiam), cert. denied, 449 U.S. 834 (1980). The appointment of counsel for an indigent litigant in a civil action is a matter that falls within the discretion of the district court. Moss v. Thomas, 299 F.2d 729 (6th Cir.1962) (per curiam). It is not a right that can be enforced by means of an extraordinary writ.
 
 
 3
 It therefore is ORDERED that the petition for a writ of mandamus is denied.