7 F.3d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brady MELTON; Michael Angelo Spikes, Plaintiffs-Appellees,
v.
Daphne STAMATY, Defendant-Appellant.
 No. 93-3169.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1993.
 
 Before: KENNEDY and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Daphne Stamaty, a pro se litigant, appeals from a judgment of the district court entered for the plaintiffs in their housing discrimination suit filed pursuant to 42 U.S.C. §§ 1981, 1982, and 3613(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Stamaty owned, and resided at, a residential building containing three apartments. Stamaty lived on the first floor in one of those apartments, and the second and third floor apartments were used as rental units. In December 1990, the second and third floor apartments were available for rent. Both plaintiffs were unsuccessful in their attempts to rent an apartment from Stamaty. Both alleged, in their complaint, that Stamaty's refusal to rent an apartment to them was, at least in part, based upon their race. A jury returned a verdict in favor of the plaintiffs.
 
 
 3
 Stamaty's brief on appeal is, in many instances, incomprehensible. Stamaty appears to be challenging the jury's verdict. Stamaty, however, has not provided this court with the transcript of the trial proceedings and has not filed either in this court or in the district court a motion for a transcription of the proceedings at government expense. Nor has Stamaty prepared a statement of the proceedings pursuant to Fed.R.App.P. 10(c). Therefore, the sufficiency of the evidence to support the verdict cannot be questioned on appeal. Moss v. Thomas, 299 F.2d 729, 729-30 (6th Cir.1962); King v. Carmichael, 268 F.2d 305, 306 (6th Cir.1959), cert. denied, 361 U.S. 968 (1960).
 
 
 4
 We find meritless Stamaty's argument that it was she, not the plaintiffs, who was the victim of discrimination.
 
 
 5
 Stamaty notes that 42 U.S.C. § 2000a(b)(1), contains an exception for "an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence." Stamaty seems to imply that this exception applies to her case. Stamaty, however, was not sued pursuant to this subchapter of the Civil Rights Act, and, therefore, it has no applicability to Stamaty's case.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.