19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard Lee HELZER, Plaintiff-Appellant,
v.
County of ALPENA, Alpena County Sheriff's Department; Tom
Male, Individually & as Sheriff; Steve Lockwood,
Individually & as Undersheriff,
Defendants-Appellees.
 No. 93-1990.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1994.
 
 Before: JONES, BOGGS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Richard Lee Helzer, a Michigan pro se prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Helzer sued Alpena County and its sheriff and undersheriff, alleging that the defendants violated his Eighth and Fourteenth Amendment rights by placing him in a cell for 12 days with other inmates who smoked and for delaying treatment for his medical problem. He sued the defendants in their individual and official capacities. The defendants filed a motion for summary judgment which a magistrate judge recommended granting as to defendant Alpena County, but denying as to the remaining two defendants. No objections were filed. The magistrate judge's recommendation was accepted by the district court.
 
 
 3
 Helzer was then appointed counsel, who was allowed to file an amended complaint that alleged a cause of action only against defendants Male and Lockwood for delaying Helzer's medical treatment. Defendants filed a motion for summary judgment. After a review of the briefs and hearing oral argument, a magistrate judge recommended denying summary judgment for the defendants. After de novo review in light of defendants' objections, the district court rejected the magistrate judge's recommendation and granted summary judgment in favor of the defendants and dismissed the case.
 
 
 4
 On appeal, Helzer argues that: 1) Alpena County should not have been dismissed as a party to this lawsuit; 2) counsel rendered ineffective assistance; 3) the defendants violated his Eighth Amendment rights by placing him in a cell with smokers for 12 days; and 4) defendants were deliberately indifferent to his serious medical needs by delaying surgery for an anal fissure. He has filed a motion for the appointment of counsel.
 
 
 5
 Initially, it should be noted that appointed counsel was permitted to file an amended complaint after the district court dismissed Alpena County as a defendant. In doing so, counsel failed to raise Helzer's Eighth Amendment claim that he should not have been placed in a cell with smokers. Absent exceptional circumstances, claims that are not properly presented in the district court will generally not be considered for the first time on appeal. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Since no such exceptional circumstances exist in this case, this claim will not be considered.
 
 
 6
 Upon review of the remaining claims, we affirm the district court's grant of summary judgment in favor of the defendants because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Helzer has simply not demonstrated that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976); Boretti v. Wiscomb, 930 F.2d 1150, 1153 (6th Cir.1991). The district court also properly dismissed Alpena County from his lawsuit. Helzer did not allege that there was a direct causal link between any municipal policy or custom and the alleged unconstitutional deprivation, see Collins v. City of Harker Heights, Tex., 112 S.Ct. 1061, 1067-68 (1992), and liability solely under the theory of respondent superior does not support Sec. 1983 liability. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 692 (1978). Helzer's claim of ineffective assistance of counsel is meritless because there is no constitutional right to counsel in a Sec. 1983 lawsuit. Randall v. Wyrick, 642 F.2d 304, 307 n. 6 (8th Cir.1981) (per curiam); Moss v. Thomas, 299 F.2d 729, 730 (6th Cir.1962) (per curiam).
 
 
 7
 Accordingly, we deny Helzer's motion for the appointment of counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.