25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John D. KIRK, Plaintiff-Appellant,
v.
William GRINER, Dr.; Donald Boatright, Dr.; George Herron;
Frank Basile, Defendants-Appellees.
 No. 93-6451.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1994.
 
 1
 Before: JONES, Circuit Judge; WELLFORD, Senior Circuit Judge, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 John D. Kirk, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and declaratory relief, Kirk sued Dr. Griner and Dr. Boatright, doctors who treated Kirk at the Riverbend Maximum Security Institution (RMSI), George Herron, Frank Basile, Correctional Medical Systems, Inc., and Prison Health Services, Inc. Kirk did not state the capacity in which he was suing these individual state defendants. Kirk alleged that the defendants violated his Eighth Amendment rights by failing to provide adequate medical care for his serious sinus condition while he was a prisoner at RMSI from 1989 to 1991. Specifically, Kirk alleged that he suffered from a severe sinus condition for many years which is only controlled by Neo-synephrine nasal spray, and both Dr. Griner and Dr. Boatright refused to provide him with this medication to control his condition. As a result, Kirk alleged that he now suffers from chronic pain due to not receiving the proper medication and that in 1991 he had a severe sinus infection which left him with permanently damaged vision of his right eye.
 
 
 4
 A magistrate judge recommended dismissing defendants Herron, Basile, Correctional Medical Systems, Inc., and Prison Health Services, Inc., from Kirk's lawsuit pursuant to 28 U.S.C. Sec. 1915(d) because the facts set forth in Kirk's complaint did not implicate these defendants. No objections were filed by Kirk to the magistrate judge's report. The district court adopted the magistrate judge's report and dismissed these four defendants from Kirk's lawsuit. As to the remaining two defendants, Dr. Griner and Dr. Boatright, service of the complaint was issued. During the district court proceedings, Kirk filed a motion for the appointment of counsel and a motion under Fed.R.Civ.P. 35 for the court to order an independent eye examination, both of which the district court denied. A magistrate judge then recommended granting summary judgment in favor of defendants Griner and Boatright. After de novo review in light of Kirk's objections, the district court adopted the recommendation of the magistrate judge and dismissed the case.
 
 
 5
 On appeal, Kirk continues to argue the merits of his Eighth Amendment claim. He also argues that the district court erred in not appointing counsel, in not granting his Rule 35 motion for an independent eye examination, and in accepting medical reports into the record which, Kirk alleges, were illegible, incomplete and unfair.
 
 
 6
 Initially, we note that Kirk has waived appellate review regarding the district court's dismissal of defendants Herron, Basile, Prison Health Services, Inc., and Correctional Medical Systems, Inc., from his Sec. 1983 lawsuit because Kirk did not file objections to the magistrate judge's report which recommended dismissing these defendants. See Thomas v. Arn, 474 U.S. 140, 155 (1985).
 
 
 7
 We also note that Kirk did not state the capacity in which he was suing the individual state defendants. Consequently, they are considered as sued in their official capacities, see Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989), and are therefore not subject to suit for monetary damages under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n. 10 (1989).
 
 
 8
 Upon de novo review, we conclude that the district court properly granted summary judgment in favor of defendants Griner and Boatright because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Kirk has failed to show that defendants Griner and Boatright were deliberately indifferent to his serious medical needs; their actions did not constitute unnecesary and wanton infliction of pain. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 9
 Regarding Kirk's remaining issues, the district court did not err when it failed to appoint Kirk counsel because there is no constitutional right to counsel in a civil case. Randall v. Wyrick, 642 F.2d 304, 307 (8th Cir.1981) (per curiam); Moss v. Thomas, 299 F.2d 729, 730 (6th Cir.1962) (per curiam). Furthermore, the district court properly denied Kirk's Rule 35 motion to conduct an independent eye examination because it was not necessary, and the court properly considered medical records submitted by both defendants. See Fed.R.Evid. 803(3); Norton v. Colyer, 828 F.2d 384, 386-87 (6th Cir.1987) (per curiam).
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard S. Enslen, United States District Judge for the Western District of Michigan, sitting by designation