35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John D. KIRK, Plaintiff-Appellant,
v.
Ricky Estes, Plaintiff,
v.
Robert SIMPSON, Sheriff, Defendant-Appellee.
 No. 93-5668.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee prisoner appeals a district court judgment entered in favor of the defendant following a jury trial on his civil rights claims filed under 42 U.S.C. Sec. 1983. He requests the appointment of counsel and for a transcript at government expense. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, John D. Kirk claimed that the conditions of his confinement, while awaiting trial on criminal charges and transfer to another facility following his conviction, were unconstitutional. He alleged that the Cannon County jail in Woodbury, Tennessee, lacked adequate security, ventilation, recreational facilities, sanitation facilities, fire safety procedures and legal resources for prisoners. Kirk also maintained that the jail was overcrowded and that he was denied due process while incarcerated in Cannon County. The sole defendant was Robert Simpson, Cannon County Sheriff.
 
 
 4
 The matter was referred to a magistrate judge for an evidentiary hearing on the complaint and on the defendant's motion to dismiss. Subsequent to the hearing, the district court adopted the magistrate judge's recommendation to dismiss the complaint.
 
 
 5
 On appeal, the district court's decision dismissing claims for injunctive relief, due process violations and overcrowding was affirmed. Kirk v. Simpson, No. 91-6513 (6th Cir. Sept. 29, 1992) (unpublished order). However, the panel vacated the district court's judgment dismissing the remaining Eighth Amendment claims after finding that undisputed evidence regarding the day-to-day operation of the jail created questions of fact properly resolved at trial, i.e., whether the defendant was deliberately indifferent and whether Kirk suffered any injury because of the alleged violations. Id., slip op. at 4. Additionally, the appeal was dismissed as to a second inmate, Ricky Estes, who had signed the complaint but who had not signed the notice of appeal.
 
 
 6
 On remand, a jury trial was held. The jury unanimously found in favor of the defendant. Kirk's motion for a new trial was denied.
 
 
 7
 In the present appeal, Kirk contends that he was denied his rights of access to the court and equal protection because the district court denied his requests for a transcript of the prior evidentiary hearing and for the appointment of counsel. He asserts that the evidence was insufficient to support the verdict. He also seeks to relitigate claims based on overcrowding, violations of due process and the dismissal of Estes. He further argues that he received ineffective assistance of counsel during a separate criminal trial.
 
 
 8
 Upon review, we conclude that Kirk has not shown that he was denied a fair trial or that the district court abused its discretion by denying his requests for a transcript or for the appointment of counsel. Contrary to Kirk's assertions, the district court's rulings did not result in a denial of due process or of his right of access to the court. The rights of due process and of access to the court do not guarantee that a plaintiff will receive a perfect trial in all aspects. See Johnson v. Hubbard, 698 F.2d 286, 288-89 (6th Cir.), cert. denied, 464 U.S. 917 (1983). Moreover, the district court is not required to ensure that the plaintiff is able to present his case completely to the court. Id.
 
 
 9
 Kirk was not entitled to the appointment of counsel simply because the defendant was represented by an experienced attorney. The district court's denial of a motion for appointment of counsel is reviewed for an abuse of discretion, and will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights. Reneer v. Sewell, 975 F.2d 258, 261 (6th Cir.1992) (per curiam). The district court's denial of Kirk's request for counsel did not result in a violation of equal protection. Cf. Randall v. Wyrick, 642 F.2d 304, 306 n. 6 (8th Cir.1981) (per curiam) (plaintiff has no constitutional right to the appointment of counsel in a civil case). The district court did not abuse its discretion by refusing to appoint counsel in this case.
 
 
 10
 Kirk also argues on appeal that he was prejudiced by evidence that he has been convicted of a felony. His argument is unavailing. His status as an inmate was integral to his claim that conditions of confinement resulted in cruel and unusual punishment prohibited by the Eighth Amendment. Moreover, to the extent Kirk was required to present evidence of his injuries, evidence of his conviction was admissible for the purpose of attacking his credibility. See Fed.R.Evid. 609.
 
 
 11
 Kirk's challenge to the sufficiency of the evidence cannot be reviewed. The district court previously refused to certify that the appeal is not frivolous but presents a substantial question and denied a motion for a transcript at government expense. The district court's ruling concerning the motion for a transcript at government expense is controlling. Moss v. Thomas, 299 F.2d 729, 729-30 (6th Cir.1962) (per curiam). In the absence of a transcript, the sufficiency of the evidence to support the verdict cannot be questioned on appeal. King v. Carmichael, 268 F.2d 305, 306 (6th Cir.1959) (per curiam), cert. denied, 361 U.S. 968 (1960). Moreover, Kirk failed to avail himself of the remedy authorized in Fed.R.App.P. 10(c) by preparing a statement of the evidence in narrative form. See Hawley v. City of Cleveland, No. 91-3740, 1994 WL 189645, * 7 (6th Cir. May 18, 1994). His arguments concerning the sufficiency of the evidence are not properly before the court.
 
 
 12
 While this court may order that a transcript be prepared for the records of the court under 28 U.S.C. Sec. 753(f), a transcript is not warranted in this case. Kirk essentially challenges the evidence as insufficient to support a finding that the defendant was "not guilty" of the claims against him. However, the burden of proof in this case did not lie with the defendant to prove the absence of liability but with Kirk to prove that defendant was deliberately indifferent to the needs of prisoners at the jail. See Wilson v. Seiter, 50 U.S. 294, 303 (1991). In his brief on appeal, Kirk renews his allegations of unsanitary and unsafe conditions, but fails to allege any facts regarding the defendant's conduct that, even if presented at trial, would support a finding of deliberate indifference.
 
 
 13
 Kirk's claim of overcrowding at the Cannon County jail and his argument to reinstate the claims of Ricky Estes are also not subject to review. These issues were resolved in Kirk's prior appeal; the current panel may not disturb a decision by another panel of the court. See United States v. Warren, 973 F.2d 1304, 1309 (6th Cir.1992).
 
 
 14
 The claim of ineffective assistance of counsel is not properly before the court. To the extent Kirk challenges the validity of his conviction, he must bring his claim through a petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).
 
 
 15
 Accordingly, the requests for the appointment of counsel and for a transcript at government expense are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joe Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation