76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James MCCLELLAN, Plaintiff-Appellant,
v.
Reginald WILKINSON, et al., Defendants-Appellees.
 No. 95-3463.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1996.
 
 1
 Before: NORRIS and MOORE, Circuit Judges, and MILES, District Judge.*
 
 ORDER
 
 2
 James McClellan, pro se, appeals a district court order granting the defendants' Supplemental Motion for Summary Judgment in this civil rights case filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, McClellan sued the Director of the Ohio Department of Rehabilitation, the Warden of the Southern Ohio Correctional Facility at the time of the alleged wrongdoing, and several officials employed at that institution, in their individual and official capacities. McClellan claimed that the defendants wrongfully placed him in administrative segregation for disciplinary reasons without providing him adequate due process protection.
 
 
 4
 Upon consideration of the defendants' Supplemental Motion for Summary Judgment, the district court granted the defendants' Motion and dismissed the complaint. On appeal, McClellan argues that: 1) his confinement was disciplinary, rather than administrative, so that he was entitled to the procedures set forth in Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); 2) he had a liberty interest in remaining free from placement in segregation under Ohio Admin.Code § 5120-9-13; and 3) he was denied effective assistance of counsel in the district court. McClellan has also filed a motion for the appointment of counsel on appeal.
 
 
 5
 This court's review of a grant of summary judgment is de novo. City Management Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); City Management, 43 F.3d at 250; Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993).
 
 
 6
 McClellan has no inherent constitutional right to placement in any particular section within a prison. Hewitt, 459 U.S. 460, 468 (1983). McClellan's placement in segregation, whether it was a result of an administrative decision or whether it was a disciplinary action, was not an atypical and significant hardship on him in relation to the ordinary incidents of prison life that would have created a liberty interest protected by the Due Process Clause. Sandin v. Conner, 115 S.Ct. 2293, 2299 (1995); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir.1995). A liberty interest may no longer be established merely because a prison official's discretion is constrained by mandatory language and substantive predicates under state law. Sandin, 115 S.Ct. at 2299-2300.
 
 
 7
 Contrary to McClellan's argument on appeal, the holdings in Sandin and Rimmer-Bey apply retroactively to the case now before this court. See Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2516-17 (1993); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir.1995). Thus, the district court properly granted summary judgment in favor of the defendants on this issue.
 
 
 8
 McClellan was not denied effective assistance of counsel because there is no constitutional or statutory right to the appointment of counsel in § 1983 suits. Randall v. Wyrick, 642 F.2d 304, 307 n. 6 (8th Cir.1981) (per curiam); Moss v. Thomas, 299 F.2d 729, 730 (6th Cir.1962) (per curiam).
 
 
 9
 Accordingly, McClellan's motion for the appointment of counsel is denied and the district court's order granting the defendants' motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation